UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SCHOLASTIC SERVICES, INC., | ) |
| SCHOLASTIC RESOURCES, INC., | ) |
| SCHOLASTIC ENTERPRISES, INC., | ) |
| SCHOLASTIC ENDEAVORS, INC., | ) |
| AMY L. JORGENSEN and | ) Case No. 2:15-CV-211 JD |
| CHRSITIAN J. JORGENSEN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FIRST MIDWEST BANCORP, INC., | ) |
| and KRIEG-DEVAULT, LLP, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This is a case brought by Plaintiffs Scholastic Services, Inc., Scholastic Resources, Inc., Scholastic Enterprises, Inc., Scholastic Endeavors, Inc. ("Scholastic companies"), and their President, Amy Jorgensen, and husband Christian Jorgensen (collectively "Plaintiffs"), alleging fraudulent misrepresentations and unlawful conduct by Defendants First Midwest Bancorp, Inc.[1] and Krieg DeVault, LLP (collectively "the Defendants") with respect to the re-amortization of various loans. Specifically, the suit alleges four state law claims (counts 1-4) against First Midwest Bankcorp, Inc. ("the Bank") and one federal claim under the Fair Debt Collection Practices Act ("FDCPA") against Krieg DeVault, LLP ("KD") (count 5). Originally, Plaintiffs filed suit in Lake County Circuit Court, but Defendants removed the case to this Court asserting federal question jurisdiction over the FDCPA claim, *see* 28 U.S.C. § 1331, and supplemental

---

[1] Defendants alleged that the correct entity is First Midwest Bank which is the operating entity of First Midwest Bancorp, Inc., however, the complaint has not yet been amended and the difference matters not for the purpose of this Order.

jurisdiction over the state law claims, *see* 28 U.S.C. § 1367 [DE 7]. Defendants also asserted that diversity jurisdiction existed over the state law claims brought against the Bank,[2] *see* 28 U.S.C. § 1332 [DE 7].

Plaintiffs, by counsel, filed a motion to remand (not to sever) the state law claims only (counts 1-4) as alleged against the Bank [DE 24]. Plaintiffs contend that the Bank has not adequately supported its citizenship with competent proof in order to rely on diversity jurisdiction, and in the alternative, the Court should not assert supplemental jurisdiction over the state law claims. The motion has been fully briefed [DE 30, DE 31], and for the reasons more fully detailed below, the Court DENIES the motion to remand [DE 24].

## I. FACTUAL BACKGROUND

Per the complaint, the Scholastic companies, who are all Indiana corporations with principal places of business in Indiana, operate a franchise known as Sylvan Learning Center [DE 8 ¶¶ 1-4, 9]. Between approximately November 29, 2013 and May 6, 2013, the Jorgensens, also citizens of Indiana, and the Scholastic companies entered into various promissory notes and corresponding commercial guarantees with the Bank [DE 8 ¶¶ 5, 6, 11-15]. However, after changes in federal law exempted states from offering supplemental education services to disadvantaged children, the Plaintiffs were limited in their ability to pay back their loans and in

---

[2] As the Court later explains, this assertion is made in error because the Court cannot have "diversity jurisdiction" over just some parties; rather, diversity jurisdiction means that a Court has jurisdiction over an entire case because all of the plaintiffs are of a different citizenship than all of the named defendants. *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245-46 (7th Cir. 2003) ("The reason that *complete diversity of citizenship is required* in a suit that does not have any foreign parties is that *the presence on opposite sides of the case of citizens of the same state* tends to neutralize any bias that a local court may have in favor of a local resident; the fear of such bias is the most commonly expressed rationale for diversity jurisdiction.") (emphasis added) (citations omitted).

2

late 2014/early 2015 engaged in the process of re-amortization of the loans with Mr. Dennis Platipodis of the Bank [DE 8 ¶¶ 18-26]. Plaintiffs contend that an agreement with respect to repayment was reached with Mr. Platipodis, but despite this agreement Mr. Charlie Kepner of the Bank contacted the Plaintiffs, declared the loans to be in default, and provided Plaintiffs with a Forbearance Agreement [DE 8 ¶¶ 27-31]. When the Plaintiffs contested the default of the loans with Mr. Kepner, Mr. Steven Lammers of KD emailed the Plaintiffs advising them that KD was representing the Bank in this matter and that the loans were in default [DE 8 ¶¶ 32-42, pp. 71-77]. Conversations were then held between Mr. Kepner, Mr. Lammers, and the Jorgensens in an attempt to resolve the matter, however, the parties were unable to produce a deal. *Id*. Within days, this lawsuit resulted.

The Plaintiffs' state law claims against the Bank allege that the Bank engaged in fraudulent and negligent misrepresentations, along with consumer fraud, with regard to the loans (counts 1-3) and request the Court to enforce the alleged promises made under the doctrine of promissory estoppel (count 4). The FDCPA claim incorporates all of the previous paragraphs of the complaint [DE 8 at ¶ 85], and alleges that Mr. Lammers falsely represented the character of the debt "owed by Amy, Christian and the Sylvan Entities," and that KD's conduct violated several provisions of the FDCPA by Mr. Lammers' attempt to have the Jorgensens sign the Forbearance Agreement [DE 8 at ¶¶ 91-96, pp. 71-77].

## II. DISCUSSION

The party invoking federal jurisdiction, here, the Defendants, bears the burden of establishing the elements of jurisdiction. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (citations omitted). But if the court's jurisdiction is challenged as a factual matter by either the court or the opposing party, the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by "competent proof." *Id*. (other citations omitted). This

3

has been interpreted to mean a preponderance of the evidence or "proof to a reasonable probability that jurisdiction exists." *Id*. (citing *Gould v. Artisoft, Inc*., 1 F.3d 544, 547 (7th Cir. 1993) (in the context of federal removal jurisdiction)).

**A)       Diversity Jurisdiction**

The parties' briefs with respect to diversity jurisdiction overlook a key component.  Both parties omit the simple fact that even if the Plaintiffs are citizens of Indiana and the Defendants have shown by competent proof that the Bank is not a citizen of Indiana (which it is not)[3], then nonetheless, KD can destroy diversity if any of its members are a citizen of Indiana.  In other words, because Plaintiffs named KD as a defendant (even if with respect to the only federal claim alleged), then absent severance KD cannot be a citizen of Indiana in order to maintain diversity. *See* 28 U.S.C. § 1332 (noting that the district court has original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between "citizens of different States."); *see also Tango Music, LLC*, 348 F.3d at 245-46. And because KD is a limited liability partnership [DE 7 at 6], this entity has the citizenship of every one of its members or partners. *Belleville Catering Co. v. Champaign Market Place*, LLC, 350 F.3d 691, 692 (7th Cir. 2003) ("Unincorporated enterprises are analogized to partnerships, which take the citizenship of every general and limited partner."); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) ("we have explained that 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'").  Therefore, to properly allege citizenship, Defendants must identify every partner of KD,

---

[3] For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The affidavit of Senior Vice President/General Counsel of First Midwest Bank indicates that First Midwest Bancorp, Inc. is a citizen of Delaware and Illinois, while First Midwest Bank is a citizen of Illinois [DE 30-1].

and must further allege the citizenship of every one of those partners. If any of the partners are themselves LLCs or partnerships, the Defendants must do likewise for them. Because the amended notice of removal [DE 7] fails to properly plead the citizenship of all of the parties named as Defendants, it fails to invoke this Court's subject matter jurisdiction over the entire case based on diversity of citizenship. Thus, the only way Defendants can maintain this action in federal court is to show that the Court has supplemental jurisdiction over the state law claims.

**B)    Federal Question and Supplemental Jurisdiction**

The parties do not dispute that the Court has federal question jurisdiction over count 5 which alleges that KD violated the FDCPA. *See* 28 U.S.C. § 1331. Thus, the only contested issue concerns whether the Court has supplemental jurisdiction over the state law claims alleged in counts 1-4 against the Bank.

A district court has supplemental jurisdiction over any claim that is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). State and federal claims are part of the same case or controversy if they derive from a common nucleus of operative facts. *Hansen*, 551 F.3d at 607.

Plaintiffs contend that the state and federal claims do not derive from a common nucleus of operative facts because the sole federal claim against KD is "rooted in its efforts to collect a debt", whereas the state claims against the Bank are "rooted in actions [the] Bank took independently of KD and independent of the Notes." [DE 24 at 5]. Therefore Plaintiffs argue that the proofs and evidence to support the FDCPA claim will not overlap with those used to support the state claims, and that the state law claims predominate over the sole federal claim. *Id*.

5

However, Plaintiffs' own complaint and attached exhibits, along with the Defendant's amended notice of removal, defy Plaintiffs' more recent contentions. First, Plaintiffs' contentions make clear that it was the Bank who declared the Plaintiffs' loans in default and provided the Forbearance Agreement, despite an alleged agreement and representations initially made by Mr. Platipodis. Thereafter, representatives from both the Bank and KD, that is, Mr. Kepner and Mr. Lammers, engaged in efforts to work with the Plaintiffs on the repayment of Plaintiffs' various loans and to modify some provisions of the Forbearance Agreement. Ultimately, the only way to litigate whether KD, by way of Mr. Kepner, falsely represented the status/character of the loans, as alleged in count 5, ¶ 90, is to first litigate whether some alleged agreement was made by Mr. Platipodis with respect to repayment and whether the Bank engaged in the unlawful conduct alleged in counts 1-4. While it is true that Mr. Kepner is alleged to have later engaged in *additional* unlawful collection efforts with respect to the loans, this does not negate the fact that—as evidenced by the Plaintiffs' incorporation of all of the complaints' allegations into count 5—the FDCPA claim is at least part of the same case and controversy deriving from a common nucleus of operative facts as the state law claims. Nor can it be said that the state law issues substantially predominate, since again, issues surrounding any agreements reached with respect to repayment of the loans will need to be litigated in order to resolve KD's liability. Thus, the Court finds that it has supplemental jurisdiction over the state law claims, and there is no basis for remand at this time.

Of final note, embedded within the Plaintiffs' reply was the request for a hearing, which the Court DENIES AS MOOT [DE 31 at 3-5]. The Magistrate Judge is at liberty to grant or deny counsel's request for a telephonic status conference [DE 32] on the remaining pending motions.

## III.  CONCLUSION

Given the above discussion, Plaintiffs' motion to remand [DE 24] is DENIED and no hearing is necessary.

SO ORDERED.

ENTERED:  September 30, 2015

                                            /s/ JON E. DEGUILIO
                                     Judge
                                     United States District Court